UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

DAMIAN R. TRAPANI,

                      Plaintiff,

    v.                                                            9:18-CV-0805 (DNH/CFH)

DOMINIC A. DAGOSTINO, Sheriff,
JAMES CUTTICA, Deputy Superintendent,
ROBERT BURNS, Former Captain,
DONALD LABRAKE, Lieutenant,
KAREN PELLETIER, Sergeant,
STEPHEN REDMOND, Sergeant,
CHRISTOPHER GUILDO, DANIEL
GANGARAM, Sergeant, GREGORY
CUFARI, now captain, formerly sergeant,
TIMOTHY BRUCE, Sergeant,
WILLIAM VERONE, Sergeant, JOSHUA
GUERIN, Sergeant, LEAH HOWE, formerly
Leah Finnegan; Correction Officer,
NATHANIEL GORTTA, Correction Officer,
DAVID DALTON, Correction Officer,
JUSTIN LOUSTRUP, Correction
Officer, BRIAN DEROCHIE, Correction
Officer, MICHAEL COOK, Correction
Officer, TANIA ECHEVCURRIA,
Correction Officer, JASON POLLARD,
Correction Officer, NICHOLAS SMITH,
Correction Officer, DEAN HARPER,
Correction Officer, ADAM CATALANO,
Correction Officer, JONATHAN ADAIR,
Correction Officer, JOSEPH GLASSER,
County Road Patrol Deputy, E. REYELL,
County Road Patrol Deputy, and JOHN
DOES #1-10, employees of the Schenectady
County Sheriff's Office,

                      Defendants.

---

APPEARANCES:

DAMIAN TRAPANI
Plaintiff, Pro Se
834 State Street
Schenectady, NY 12307

DAVID N. HURD
United States District Judge

**DECISION and ORDER**

## I. <u>INTRODUCTION</u>

Pro se plaintiff Damian R. Trapani ("Trapani" or "plaintiff") commenced this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983, together with an application to proceed in forma pauperis. Dkt. No. 1 ("Compl."); Dkt. No. 3 ("IFP Application").

By Decision and Order dated September 12, 2018, the Court granted Trapani's IFP Application and dismissed some of his claims. Dkt. No. 7 ("September 2018 Order") at 60-62. The September 2018 Order also directed service and ordered that the remaining defendants respond to the claims that survived sua sponte review. *Id*. at 61-63.

Trapani has now filed a motion for reconsideration of the September 2018 Order asking for two forms of relief. First, plaintiff seeks reconsideration of the September 2018 Order to the extent it dismissed without prejudice the following claims: (1) plaintiff's Fourteenth Amendment medical indifference claims against defendants Fricke and Farley; (2) plaintiff's First Amendment retaliation claim against defendant Pelletier; (3) plaintiff's Fourteenth Amendment due process claim against defendants Redmond and Burns based on a Superintendent's Hearing that occurred on May 3, 2015; and (4) plaintiff's Fourth Amendment invasion of privacy claim against defendant Cufari. *See* Dkt. No. 12 at 7-10.

2

Second, Trapani seeks reconsideration of the September 2018 Order to direct defendants to respond regarding the following claims, which the Court did not construe the complaint to have asserted: (1) Fourteenth Amendment excessive force and medical indifference claims against defendants Verone, Smith, and John Does #1-10 based on events that occurred on January 27, 2016; (2) a Sixth Amendment interference with counsel claim against defendant D'Agostino; and (3) a Fourth Amendment invasion of privacy claim against defendant John Doe #11. *See* Dkt. No. 12 at 9-10.

## II. **MOTION FOR RECONSIDERATION**

A court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice. *Delaney v. Selsky*, 899 F. Supp. 923, 925 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983)).

The standard for granting a motion for reconsideration is strict. *Shrader v. CSX Transportation, Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided." *Id.*[1] Thus, a motion for reconsideration is not to be used for "presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998).

Trapani does not suggest that there has been an intervening change in the controlling

---

[1] Generally, motions for reconsideration are not granted unless "the moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader*, 70 F.3d at 257.

law, nor has he presented new evidence which was not previously available. Therefore, the only basis for reconsideration is to remedy a clear error of law or to prevent manifest injustice.

After thoroughly reviewing Trapani's motion in light of his status as a pro se litigant, the Court finds that plaintiff presents a basis for reconsideration of part of the Court's September 2018 Order.

### A. Fourteenth Amendment Medical Indifference Claims

Trapani contends that the Court erred in dismissing on statute of limitations grounds his claims against defendants Fricke and Farley because he alleged in his complaint that defendant Fricke retracted a medication order necessary to treat his gastroesophageal reflux disease ("GERD") on April 23, 2015, which he did not learn caused him harm until after he was hospitalized for a bleeding ulcer. Dkt. No. 12 at 2-3, 7.

As noted in the September 2018 Order, a deliberate indifference claim accrues "when the plaintiff knows or has reason to know of the harm." *Shomo v. City of New York*, 579 F.3d 176, 181 (2d Cir. 2009). Based on Trapani's own allegations, plaintiff believed he needed medication to treat his GERD when he was seen by defendant Fricke on April 14, 2015, and was told on that date by defendant Fricke that he would take plaintiff's request "under advisement but was not going to make any promises." Compl. at 12. Plaintiff further alleges that he was told later that day that the medication he sought was not ordered. *Id*. at 13. Thus, plaintiff knew, as of April 14, 2015, that he was not going to receive the medication he sought, such that any claim based on the denial of that medication accrued, at the latest, on this date.

As noted in the September 2018 Order, Trapani filed his complaint in this action more

4

than three years after April 14, 2015.  *See* September 2018 Order at 29-30.  Accordingly, the Court finds that plaintiff presents no basis for reconsideration of the September 2018 Order with respect to his Fourteenth Amendment medical indifference claims against defendants Fricke and Farley.  Plaintiff's motion for reconsideration of the portions of the September 2018 Order that dismissed these claims is denied.

## B. First Amendment Retaliation Claim

Trapani contends that the Court erred in dismissing plaintiff's retaliation claim asserted against defendant Pelletier on the grounds that the claim is conclusory.  Dkt. No. 12 at 7.

In the September 2018 Order, the Court liberally construed the complaint to assert a retaliation claim against defendant Pelletier based on allegations that she directed another corrections officer to search Trapani's cell and issue him a misbehavior report for discovered contraband because plaintiff had previously threatened to sue her.  *See* September 2018 Order at 43-44.

The Court found that this claim was "entirely conclusory" because the complaint failed to allege when Trapani threatened to sue defendant Pelletier or the circumstances surrounding the threat, which precluded the Court from being able to evaluate the plausibility of plaintiff's claim that the misbehavior report was casually connected to plaintiff's threat.  September 2018 Order at 44.

Trapani contends that the Court's decision was in error because his complaint contains an allegation that on April 28, 2015, he threatened to sue defendant Pelletier, and this defendant was also "involved in many other incidents . . . for which she knew by virtue of [plaintiff's] reputation as a litigant that she would most likely be the subject of a lawsuit."  Dkt. No. 12 at 3, 6-8.

5

However, the Court does not consider Trapani's statements in his motion for reconsideration as a supplementation to his complaint. In any event, plaintiff does not expressly allege in his complaint that he threatened to sue defendant Pelletier on April 28, 2015. Rather, the complaint alleges that defendant Pelletier (and others) escorted plaintiff to an elevator after plaintiff had an exchange with defendant Walsh, and while on the elevator, plaintiff requested "a grievance complaint form" and noted that he "was going to seek civil redress, if need be, for being retaliated against for exercising his right to petition government." Compl. at 13-14.

The complaint is thus devoid of any allegations which plausibly suggest that, prior to this statement, defendant Pelletier was aware that Trapani had sought to "petition the government." Accordingly, Court does not interpret the allegations in the complaint as a direct threat to sue defendant Pelletier for her actions. Furthermore, this alleged protected activity is extremely remote in time from the alleged adverse action, with the two events separated by almost one year.

Nonetheless, out of an abundance of solicitude, and because defendant Pelletier remains in this case based on a separate claim found to survive initial review, the Court will grant Trapani's motion for reconsideration with respect to his retaliation claim against defendant Pelletier. In so ruling, the Court expresses no opinion as to whether this claim can withstand a properly filed dispositive motion.

### C. Fourteenth Amendment Due Process Claim

Trapani contends that the Court erred in dismissing on statute of limitations grounds his claims against defendants Redmond and Burns because plaintiff alleged in his complaint that he appealed the disciplinary disposition rendered on May 3, 2015, which he claims is

6

enough to trigger equitable tolling. *See* Dkt. No. 12 at 8.

As the Court noted in the September 2018 Order, and contrary to Trapani's contention in this motion, the burden to establish entitlement to equitable tolling falls on the plaintiff. *See, e.g., Abbas v. Dixon*, 480 F.3d 636, 642 (2d Cir. 2007) ("The plaintiff bears the burden of showing that the action was brought within a reasonable period of time after the facts giving rise to the equitable tolling or equitable estoppel claim have ceased to be operational.").

The complaint is devoid of any facts indicating (1) when Trapani filed his appeal, (2) when plaintiff received a response to his appeal, or (3) the applicable deadlines for filing an appeal or issuance of a response. Plaintiff's bare allegation that he appealed a disciplinary determination issued on May 3, 2015, is not enough for the Court to infer that plaintiff did not receive a response to his appeal until on or after June 24, 2015, which is the applicable limitations deadline.

Moreover, by Trapani's own allegations, the discipline imposed as a result of the May 3, 2015 disciplinary hearing was "25 days in SHU, . . . 10 days of which was suspended," Compl. at 17, and plaintiff does not allege that the enforcement of this sentence was delayed by any period of time, or that he was ever required to serve the suspended 10 days of time.

Thus, setting aside the fact that a disciplinary sentence of fifteen days in SHU does not, by itself, trigger a liberty interest, *see Arce v. Walker*, 139 F.3d 329, 335-37 (2d Cir.1998), by plaintiff's own allegations, any wrongdoing that he suffered as a result of the May 3, 2015 disciplinary sentence concluded fifteen days later, when he was released from SHU, and this release date is beyond the applicable limitations period.

Accordingly, the Court finds that Trapani presents no basis for reconsideration of the

September 2018 Order with respect to his Fourteenth Amendment due process claims against defendants Redmond and Burns arising from the May 3, 2015 disciplinary determination. Plaintiff's motion for reconsideration of the portions of the September 2018 Order that dismissed these claims is denied.

### D. Fourth Amendment Invasion of Privacy Claim

Trapani incorrectly contends that the Court failed to address the merits of his invasion of privacy claim asserted against defendant Cufari, which (he argues) should survive initial review. Dkt. No. 12 at 8-9. The Court addressed this claim in the September 2018 Order, and found it to survive initial review. *See* September 2018 Order at 45-46, 61. As a result, plaintiff's motion for reconsideration with respect to this claim is denied.

### E. Fourteenth Amendment Excessive Force and Medical Indifference Claims

Trapani contends that the Court erred in not construing the complaint to assert Fourteenth Amendment excessive force and medical indifference claims against defendants Verone, Smith, and John Does #1-10 based on events that occurred on January 27, 2016. *See* Dkt. No. 12 at 9.

Contrary to Trapani's contention, the Court construed the complaint to assert Fourteenth Amendment excessive force claims against these defendants based on the events that occurred on January 27, 2016, and found that these claims survived initial review. *See* September 2018 Order at 24, 37-39, 61. As a result, plaintiff's motion for reconsideration with respect to this excessive force claim is denied.

With respect to Trapani's assertion of a Fourteenth Amendment claim for medical indifference against defendants Verone, Smith, and John Does #1-10 based on events that

occurred on January 27, 2016, because plaintiff's excessive force claim against these individuals based on the events that occurred on the same day has already been found to survive initial review, and plaintiff has alleged facts which plausibly suggest that these defendants "abruptly" removed him from the facility infirmary before he received further care that he had requested, *see* Compl. at 46-47, the Court grant plaintiff's motion for reconsideration, construes the complaint to assert Fourteenth Amendment medical indifference claims against defendants Verone, Smith, and John Does #1-10, and finds that a response from these defendants is warranted with respect to these claims.

### F. Sixth Amendment Interference with Counsel Claim

Trapani contends that the Court erred in not construing the complaint to assert a Sixth Amendment interference with counsel claim against defendant Dagostino based on his allegations that officials at the Schenectady County Correctional Facility reviewed outside of his presence, and at times failed to deliver, legal materials he requested from the Schenectady County Public Defender's Office pursuant to the correctional facility's "law library and legal assistance program." Dkt. No. 12 at 6-7, 9.[2]

Unquestionably, "pretrial detainees need access to the courts and counsel . . . to defend against the charges brought against them." *Benjamin v. Fraser*, 264 F.3d 175, 186 (2d Cir. 2001) (citations omitted). "Accordingly, the Second Circuit has determined that a pretrial detainee's Sixth Amendment rights are infringed upon when prison regulations 'unjustifiably obstruct', 'infringe', 'unreasonably burden', or 'significantly interfered' with the detainee's access to counsel." *Allen v. Amato*, No. 9:12-CV-534 (TJM/CFH), 2013 WL

---

[2] The Court construed plaintiff's allegations regarding the alleged interference with his mail as a claim under the First Amendment. *See* September 2018 Order at 53-56.

5211105, at *5 (N.D.N.Y. Sept. 16, 2013) (quoting *Benjamin*, 264 F.3d at 187).

However, the complaint is devoid of any allegations which plausibly suggest that any official from Schenectady County Correctional Facility denied Trapani the ability to communicate with his counsel about his criminal defense. Thus, the Court did not err in failing to construe the complaint to assert a Sixth Amendment interference with counsel claim. As a result, plaintiff's motion for reconsideration with respect to this claim is denied.

### G. Fourth Amendment Invasion of Privacy Claim

Trapani contends that the Court erred in not construing the complaint to assert an invasion of privacy claim against defendant John Doe #11, which plaintiff claims would survive initial review because this defendant is not immune from suit for declaratory relief. *See* Dkt. No. 12 at 10.

In the September 2018 Order, the Court expressly stated that it did not construe the complaint to assert an invasion of privacy claim. *See* September 2018 Order at 42 n. 10. Trapani has cited no law to support his argument that the complaint states a Fourth Amendment invasion of privacy claim against defendant John Doe #11 based allegations that this defendant, in his capacity as a prosecutor, made statements about plaintiff during a grand jury proceeding related to a different individual.

In any event, even if the Court were to construe the complaint to assert an invasion of privacy claim against defendant John Doe #11, as Trapani implicitly acknowledges in his motion (and as the Court stated in the September 2018 Order), this defendant is absolutely immune from Section 1983 claims for damages arising out of his actions as a prosecutor during a grand jury proceeding. *See* September 2018 Order at 42.

10

Moreover, the only declaratory relief sought by Trapani with respect to his claim against defendant John Doe #11 is a request that the statements made by this defendant during grand jury presentation be declared a "violat[ion] of plaintiff's rights under the First and Fourteenth Amendments to the United States Constitution." Compl. at 64.

While a request for prospective declaratory relief may be an exception to a prosecutorial immunity bar, this exception does not permit judgments against state officers declaring that they violated federal law in the past. *See Ex Parte Young*, 209 U.S. 123 (1908) (holding that suits against state officers, rather than against State itself, are permitted when seeking prospective, but not compensatory or other retrospective, relief).

Accordingly, the Court finds that Trapani presents no basis for reconsideration of the September 2018 Order with respect to his claims against defendant John Doe #11. Plaintiff's motion for reconsideration of the portions of the September 2018 Order that dismissed these claims is denied.

### III. CONCLUSION

Therefore, it is

ORDERED that

1. Plaintiff's motion for reconsideration (Dkt. No. 12) is **GRANTED in part** and **DENIED in part**;

2. Plaintiff's motion is **GRANTED** with respect to his retaliation claim against defendant Pelletier, and his Fourteenth Amendment medical indifference claims against defendants Verone, Smith, and John Does #1-10, which claims **SURVIVE** initial review and require a response from these defendants;

3. Plaintiff's motion is otherwise **DENIED**; and

4. The Clerk of the Court shall provide the parties with a copy of this Decision and Order.

IT IS SO ORDERED.

Dated: March 6, 2019
       Utica, New York.

_____
United States District Judge