UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

DAMIAN R. TRAPANI,

                        Plaintiff,

        v.                                                          9:18-CV-0805
                                                                    (DNH/CFH)

DOMINIC A. DAGOSTINO, Sheriff,
JAMES CUTTICA, Deputy
Superintendent, ROBERT BURNS,
Former Captain, DANIEL LACHANSKI,
Lieutenant, DONALD LABRAKE,
Lieutenant, KAREN PELLETIER,
Sergeant, JOHN PURDY, now captain,
formerly sergeant, CHRISTOPHER
JONES, Sergeant, STEPHEN
REDMOND, Sergeant, CHRISTOPHER
GUILDO, DANIEL GANGARAM,
Sergeant, GREGORY CUFARI, now
captain, formerly sergeant, TIMOTHY
BRUCE, Sergeant, WILLIAM VARRONE,
Sergeant formerly known as William
Verone, JOSHUA GUERIN, Sergeant,
LEAH HOWE, formerly Leah Finnegan;
Correction Officer, NATHAN GATTA,
Correction Officer, DAVID SHERMAN,
Correction Officer, DAVID DALTON,
Correction Officer, JUSTIN LOUSTRUP,
Correction Officer, BRIAN DEROCHIE,
Correction Officer, MICHAEL COOK,
Correction Officer, TANIA ECHEVCURRIA,
Correction Officer, JASON POLLARD,
Correction Officer, NICHOLAS SMITH,
Correction Officer, DEAN HARPER,
Correction Officer, ADAM CATALANO,
Correction Officer, JONATHAN ADAIR,
Correction Officer, JOSEPH GLASSER,
County Road Patrol Deputy formerly known
as Nathaniel Gortta, E. REYELL, County
Road Patrol Deputy, MELINDA WOOD,
Nurse, MICHAEL NEALON, Corrections
Lieutenant, and MICHAEL CHAIRELLO,

Corrections Officer,

                    Defendants.

_____

APPEARANCES:

DAMIAN TRAPANI
Plaintiff, Pro Se
271 Central Avenue
Albany, NY 12206

DAVID N. HURD
United States District Judge

<b>DECISION and ORDER</b>

## I. INTRODUCTION

Pro se plaintiff Damian R. Trapani ("Trapani" or "plaintiff") commenced this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983, together with an application to proceed in forma pauperis. Dkt. No. 1 ("Compl."); Dkt. No. 3 ("IFP Application").

By Decision and Order dated September 12, 2018, Trapani's IFP Application was granted and, upon review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), the Court: (1) dismissed some of plaintiff's claims; (2) dismissed certain defendants; and (3) directed service and a response for the claims that survived sua sponte review. Dkt. No. 7 ("September 2018 Order") at 60-63.

Pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d. Cir. 1997) (per curiam), the Schenectady County Attorney's Office was also directed to attempt to ascertain the identities of defendants John Doe #1-10. *See id.* at 59-60. Thereafter, plaintiff filed a motion for reconsideration of the September 2018 Order. *See* Dkt. No. 12.

On March 1, 2019, a representative from the County of Schenectady submitted a

letter regarding the identifies of the aforementioned "Doe" defendants.  *See* Dkt. No. 25.

By Order filed March 6, 2019, Trapani was directed to review the letter and, to the extent he was able to do so, submit a proposed amended complaint which substitutes any identifiable defendant in place of the appropriate "Doe" defendant, and makes any other corrections necessary.  *See* Dkt. No. 28.  On the same date, plaintiff's motion for reconsideration was granted in part and denied in part.  *See* Dkt. No. 27 ("March 2019 Order").

Thereafter, Trapani filed a motion to amend his complaint, together with a memorandum of law and proposed amended complaint. Dkt. No. 32 ("Motion to Amend"); Dkt. No. 1-1 ("MOL"); Dkt. No. 32-2 ("Am. Compl.").  At the time plaintiff submitted these documents, service had not been attempted on any of the defendants who remained in the action following the September 2018 Order.

By Decision and Order dated June 10, 2019, the Court denied Trapani's Motion to Amend as unnecessary, considered plaintiff's proposed amended complaint as an amended complaint filed as of right in accordance with Rule 15(a)(1) of the Federal Rules of Civil Procedure, found that certain additional claims survived sua sponte review and required a response, and dismissed all remaining claims with prejudice.  *See* Dkt. No. 33 ("June 2019 Order").

Presently before the Court is Trapani's motion for partial reconsideration of the June 2019 Order.  *See* Dkt. No. 46 ("Motion for Reconsideration").

## II.  MOTION FOR RECONSIDERATION

A court may justifiably reconsider its previous ruling if:  (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or

(3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice. *Delaney v. Selsky*, 899 F. Supp. 923, 925 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983)).

The standard for granting a motion for reconsideration is strict. *Shrader v. CSX Transportation, Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided." *Id.*[1] Thus, a motion for reconsideration is not to be used for "presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998).

Trapani does not suggest that there has been an intervening change in the controlling law, nor has he presented new evidence which was not previously available. Therefore, the only basis for reconsideration is to remedy a clear error of law or to prevent manifest injustice.[2]

After thoroughly reviewing Trapani's motion and affording it due consideration in light of his status as a pro se litigant, the Court finds that plaintiff presents no basis for reconsideration of the June 2019 Order.

Based upon a review of the relevant law and its application to the facts of this case, the Court concludes that its previous decision was legally correct and did not work a manifest injustice. Indeed, the Court expressly addressed, and rejected, the merits of Trapani's

---

[1] Generally, motions for reconsideration are not granted unless "the moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader*, 70 F.3d at 257.

[2] Plaintiff's motion papers contain an acknowledgment that the motion is untimely, along with an explanation for the untimeliness. *See* Motion for Reconsideration at 2, 9-12. Because the Court finds that plaintiff's motion is without merit, the Court declines to further address the issue of timeliness.

privacy claim against defendant Howe and plaintiff's excessive force claim against defendant D'Agostino under a theory of supervisory liability, which are the two claims that are the subject of plaintiff's Motion for Reconsideration. *See* September 2018 Order at 56-59; June 2019 Order at 22 n.6, 23.

Thus, Trapani's motion for partial reconsideration of the June 2019 Order is denied in its entirety.

## III. <u>CONCLUSION</u>

Therefore, it is

ORDERED that

1. Plaintiff's motion for reconsideration (Dkt. No. 46) is **DENIED**; and

2. The Clerk shall serve a copy of this Decision and Order on plaintiff.

IT IS SO ORDERED.

Dated: October 21, 2019
      Utica, New York.

_____
United States District Judge